UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24247-BLOOM/Otazo-Reyes

THE LAKESHORE COMMUNITY ASSOCIATION, INC.,

 Plaintiff,

v.

EVEREST NATIONAL INSURANCE COMPANY,

 Defendant.
_____/

ORDER ON MOTION TO VACATE DISMISSAL AND
MOTION [] FOR ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

**THIS CAUSE** is before the Court upon Plaintiff The Lakeshore Community Association, Inc.'s ("Plaintiff" or "Lakeshore") Motion to Vacate Dismissal dated March 10, 2022, ECF No. [24] ("Motion to Vacate"), and Motion [] for Entitlement to Attorneys' Fees and Costs, ECF No. [25] ("Fees Motion"), filed on May 10, 2022. Defendant Everest National Insurance Company ("Defendant" or "Everest") filed Responses, ECF Nos. [26], [27], to which Plaintiff did not file a Reply. The Court has carefully considered the Motions, the Responses, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

 Plaintiff initiated this case in state court, alleging that Everest agreed to provide insurance coverage for loss sustained to Plaintiff's property as a result of Hurricane Irma. According to Plaintiff, it became apparent that the insured property sustained covered damages greater than those acknowledged by Everest. Plaintiff thereafter invoked appraisal pursuant to the terms of the insurance policy. During the appraisal process, Everest halted proceedings. As a result, Plaintiff filed its Complaint in state court, alleging breach of contract arising from Everest's failure to provide adequate coverage, failure to acknowledge that additional payment would be forthcoming,

failure to make adequate payment of insurance proceeds, and failure to comply with the appraisal provision. *See generally*, ECF No. [1-2]. In the Complaint, Plaintiff requests attorney's fees pursuant to Florida Statutes section 627.428 and/or 626.9373.[1]. On December 3, 2021, Everest removed this case to federal court on the basis of diversity jurisdiction. ECF No. [1].

On February 1, 2022, Plaintiff filed its motion to compel appraisal, ECF No. [16] ("Motion to Compel").[2] The Court held a hearing on the Motion to Compel on March 10, 2022, granted the Motion to Compel, and entered its ruling by separate order. *See* ECF No. [23] ("Order"). In the Order, the Court directed the parties to proceed through the appraisal process, dismissed this case, and did not expressly retain jurisdiction for any purpose. *Id.*

In the Motion to Vacate, Plaintiff requests that the Court vacate the Order, return this case to active status pending the outcome of the appraisal, and address its accompanying Fees Motion pursuant to Florida Statutes section 627.428. Everest responds that the Motion to Vacate fails to

---

[1] These two provisions of the Florida Statutes provide the following:

**627.428   Attorney fees.—**
(1)   Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. In a suit arising under a residential or commercial property insurance policy not brought by an assignee, the amount of reasonable attorney fees shall be awarded only as provided in s. 57.105 or s. 627.70152, as applicable.

**626.9373   Attorney fees.—**
(1)   Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded. In a suit arising under a residential or commercial property insurance policy not brought by an assignee, the amount of reasonable attorney fees shall be awarded only as provided in s. 57.105 or s. 627.70152, as applicable.

[2] Plaintiff also requested attorney's fees in the Motion to Compel. ECF No. [16] at 6.

comply with Local Rule 7.1 because it does not cite any authority justifying the request to vacate pending the outcome of the appraisal, the Fees Motion is untimely, and Plaintiff cannot demonstrate any entitlement to attorneys' fees.

Upon review, Plaintiff's Motions are due to be denied. Indeed, as Plaintiff acknowledges, the appraisal process has not yet concluded, and Plaintiff is therefore not entitled to an award of attorneys' fees. *See* ECF No. [24] at 2 (requesting that the Court vacate the Order "pending the outcome of the appraisal[.]"); *Goff v. State Farm Fla. Ins. Co.*, 999 So. 2d 684, 688 (Fla. 2d DCA 2008) (holding that insurer's *payment* of the appraisal award entitled insureds to section 627.428 attorney's fees). Furthermore, Plaintiff has not cited any authority to support the proposition that an insured is entitled to an award of attorneys' fees under section 627.428 for obtaining an order compelling appraisal. "At least in general terms, appraisal is not a process to resolve a breach of contract claim or even to determine a coverage dispute. Appraisal is a method of adjusting a claim within the terms of the insurance contract to determine the amount payable for the covered claim." *Hill v. State Farm Fla. Ins. Co.*, 35 So. 3d 956, 959 (Fla. 2d DCA 2010). As alleged by Plaintiff, Everest agreed to provide insurance coverage and made various payments under the policy, but the parties then disagreed as to whether the appraisal process had been effectively invoked and whether any additional amounts were due under the policy. *See* ECF No. [1-2]. "[W]here an insurance company has not incorrectly denied benefits under the policy, an award of attorney's fees under § 627.428 is unwarranted." *J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, 769 F. App'x 698, 705 (11th Cir. 2019). As alleged by Plaintiff, Everest did not incorrectly deny benefits under the policy.

Moreover, the Local Rules state that motions for attorneys' fees must "be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim[.]" S.D.

Fla. L.R. 7.3(a)(1). Thus, even if the Court had retained jurisdiction in the Order, the Order was entered on March 10, 2022, and Plaintiff filed its Fees Motion on May 10, 2022—sixty-one (61) days later. Therefore, even assuming that Plaintiff may be entitled to an award of attorneys' fees, the Fees Motion is untimely.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Vacate, **ECF No. [24]**, and the Fees Motion, **ECF No. [25]**, are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 10, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record