UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24247-BLOOM/Otazo-Reyes

THE LAKESHORE COMMUNITY ASSOCIATION, INC.,

    Plaintiff,

v.

EVEREST NATIONAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO VACATE DISMISSAL

**THIS CAUSE** is before the Court upon Plaintiff Lakeshore Community Association, Inc.'s Motion to Vacate Dismissal and Compel Confirmation and Payment of Executed Appraisal Award ("Motion"), ECF No. [29], filed on February 21, 2025. Defendant Everest National Insurance Company filed a Response, ECF No. [31], to which Plaintiff did not file a Reply. The Court has reviewed the Motion, the Response, the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied.

Plaintiff filed the instant action in state court on November 5, 2021, alleging that Defendant agreed to provide insurance coverage for loss sustained to Plaintiff's property as a result of Hurricane Irma. ECF Nos. [1] ¶ 1; [28] at 1. Defendant removed the case on December 3, 2021. ECF No. [1]. On March 10, 2022, the Court ordered the parties to proceed with the appraisal process as set forth in the applicable insurance policy and the case was dismissed without prejudice. ECF No. [23]. The parties proceeded to appraisal and, on December 16, 2024, Defendant's designated appraiser signed the Appraisal Award. ECF No. [29] at 2. The neutral umpire signed the award the next day. *Id.* Plaintiff arues that, because the subject Policy's Loss

Conditions state that a decision agreed to by any two parties to the appraisal will be binding, the Appraisal Award has been "finalized" and, "[p]ursuant to the subject Policy's Loss Payment Provision, payment of an award is due thirty days after 'an appraisal award has been made.'" *Id.* Plaintiff now "seeks an Order from this Court, vacating the previous dismissal and compelling payment of the Executed Appraisal Award, subject only to 'subtraction of prior payments and deductibles' as noted in the Award." ECF No. [29] at 4. Plaintiff also states that it "renews" its prior "Motion for Entitlement to Attorney's Fees and Costs pursuant to Section 627.428, Florida Statutes and/or Section 626.9373[.]" *Id.*

Defendant argues that the last paragraph of the Appraisal Award "negates Plaintiff's contention that it is entitled to payment in full of the Appraisal Award, without any reductions for set-offs or the deduction of not-covered damages." ECF No. [31] at 1. Defendant states the last paragraph of the Appraisal Award reads "[t]his is a compromise gross award subject to subtraction only of prior payments and deductibles . . . This appraisal award is subject to the terms and conditions of the policy of insurance and the laws of the State of Florida." *Id.* at 1-2 (quoting ECF No. [29] at 9). Because Plaintiff did not file a Reply or address this argument in its Motion, the Court views Plaintiff's failure to respond as a concession. *ABM Ent. Worldwide, Inc.* v. *Felix*, No. 24-cv-25095, 2025 WL 1191122, at * 1 (S.D. Fla. Mar. 26, 2025) ("The Court may view Defendant's failure to respond to Plaintiff's arguments as a concession."); *Broton v. Walmart, Inc.*, No. 24-cv-60139, 2024 WL 3935688, at *1 n. 1 (S.D. Fla. Aug. 26, 2024) (stating that, although replies are not mandatory, failure to file reply constituted a concession of counter argument's persuasiveness).

Plaintiff concedes in its Motion that it is not entitled to the full amount of the Appraisal Award, as the Appraisal Award is "subject only to 'subtraction of prior payments and

2

deductibles[.]'" ECF No. [29] at 4. However, Plaintiff does not state how much in prior payments and deductibles should be reduced from the Appraisal Award. Defendant opposes the Motion, but argues "[t]he undisputed applicable policy deductibles in the instance case equal $908, 799.36 and [Defendant's] prior payments total $449,869.30 . . . This Court should, therefore, set-off the sum total of $1,358, 668.66 from the Appraisal Award." ECF No. [31] at 5. However, Defendant also notes "Plaintiff has failed or refused to advise the exact amount it asserts is owed on the Appraisal Award[,]" thereby suggesting the amount of prior payments and deductibles are, in fact, in dispute. *Id.* at 5 n.3.

Plaintiff has not cited any authority for the proposition that the Court may compel payment of an Appraisal Award before the parties have determined how much Defendant must pay Plaintiff, taking into consideration prior payments and deductibles, as required by the Appraisal Award itself. ECF No. [29] at 9 ("This is a compromise gross award subject to subtraction only of prior payments and deductibles.") Indeed, courts have recognized that the term "'Appraisal award' is really a misnomer because the appraisal panel only determines the amount of loss, not an insured's entitlement to any damages[.]" *Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Inc.*, 117 So. 3d 1226, 1227 n.1 (Fla. 3d DCA 2013); *see also People's Trust Ins. Co. v. Espana*, 320 So. 3d 940, 944 n. 4 (Fla. 3d DCA 2021) ("The appraisal award was not a damages determination[.]"). Therefore, it would be improper for the Court to "confirm" the Appraisal Award at this juncture because doing so would "improperly pretermit[] [Defendant's] ability to present its defenses to [Plaintiff's] property insurance claim." *Mango Hill #6*, 117 So. 3d at 1230.

Although Plaintiff "renews" its prior Motion for Entitlement to Attorney's Fees and Costs, ECF No. [29] at 4, Plaintiff has not alleged any new facts which would entitle it to attorneys' fees and costs. ECF No. [28] at 3 ("Plaintiff has not cited any authority to support the proposition that

an insured is entitled to an award of attorneys' fees under section 627.428 for obtaining an order compelling appraisal.")

To the extent Defendant argues that Plaintiff "failed to comply with the expressly applicable conditions precedent and coverage provisions of [Defendant's] policy," the Court need not address this argument in light of the determination that the Appraisal Award does not reflect Plaintiff's entitlement to damages. *Id.* at 6.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [29]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 14, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record